# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WARREN VENEY,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      C.A. No. N17C-04-041 VLM
                                       )
UNITED BANK;                           )
ANDREW MCCULLEY;                       )
JANE SARGENTS,                         )
                                       )
            Defendants.                )
                                       )

Submitted: August 29, 2017
Decided: August 31, 2017

## ORDER

**AND NOW TO WIT**, this 31st day of August, 2017, upon consideration of Defendants United Bank, Andrew McCulley, and Jane Sargents (collectively "Defendants")'s Motion to Dismiss, Plaintiff's response thereto, and the parties' positions at oral argument, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED** for the following reasons:

### Factual and Procedural Background

1.      Plaintiff Warren L. Veney, Sr., is the settlor of the Warren L. Veney Trust ("the trust"), a revocable *inter vivos* trust.[1] The sole beneficiaries of the trust

---

[1] The Court was never provided with the trust agreement in this case. The facts in this Order derive from the Complaint and the judicially-noticed court documents from Virginia state court that Defendants submitted in conjunction with their Motion to Dismiss.

are Plaintiff and his adult son. The trust's corpus is substantially comprised of real and personal property in the Commonwealth of Virginia. The trust was established by written agreement on September 30, 1983, and has been amended on several occasions since that time. The trust agreement contains references to Delaware law in a manner consistent with a choice-of-law provision.[2]

2.    Defendant United Bank ("the Bank") administers the Trust in Virginia. The Bank is the third successor trustee of the trust.[3] Defendants McCulley and Sargents are employees of the Bank: McCulley is a Trust Officer in the Bank's Virginia branch; Sargents is a Senior Vice President and Director of Fiduciary Services for the Bank in West Virginia. The Bank, McCulley, and Sargents have no legal presence in Delaware. Further, their alleged conduct in connection with the trust occurred in Virginia.

3.    On March 17, 2017, on motion by the Bank, the Circuit Court of Fairfax County, Virginia, appointed Margaret A. O'Reilly, Esquire, as guardian *ad litem* to represent the interests of Plaintiff under VA. CODE ANN. § 8.01-9.[4] The Virginia court found that Plaintiff is a "person under disability" as defined under

---

[2] DRE Rule 202 Request for Judicial Notice at Ex. 2, ¶ 1, *Veney v. United Bank*, C.A. No. N17C-04-041 (Del. Super. Aug. 10, 2017) [hereinafter Request for Judicial Notice] ("The Agreement was executed in the State of Delaware and is subject to the laws of the State of Delaware.").

[3] The Bank has since resigned as trustee of the trust and a new, fourth trustee has been appointed as of August 2017. The Court will refer to the Bank as trustee for the sake of clarity.

[4] Request for Judicial Notice at Ex. 1, ¶ 2.

VA. CODE ANN. § 8.01-2(6)(e).[5] According to Virginia law, this determination means that Plaintiff is unable to defend his property or legal rights in a matter where the Bank sought leave to resign as trustee and request the appointment of a new trustee in its stead.[6]

4. Plaintiff filed his *pro se* Complaint in this Court on April 28, 2017. The guardian *ad litem* is not listed as a representative or attorney of record. The two-page, handwritten Complaint generally alleges claims sounding in conversion, fraud, and accounting. He seeks the "restoration" of $2.6 million to the corpus of the trust. He also seeks ten times that value for "mental anguish," "theft by deception," "fraud," "embezzlement," and "conspiracy to defraud." Further, he seeks to have a Virginia property, presumably held in the trust, titled in his name and the deed physically "returned to him by parcel courier."

5. Defendants jointly filed this Motion to Dismiss in lieu of an Answer on May 26, 2017. Defendants supplemented their filing with an opening brief on June 8, 2017. Plaintiff filed a two-page response to the Motion to Dismiss on June 23, 2017. Defendants filed their reply brief on June 29, 2017. Additionally,

---

[5] *Id. See* VA. CODE ANN. § 8.01-2(6)(e) (West 2017) (defining "person under disability" as including "any [] person who, upon motion to the court by any party to an action or suit or by any person in interest, is determined to be (i) incapable of taking proper care of his person, or (ii) incapable of properly handling and managing his estate, or (iii) otherwise unable to defend his property or legal rights either because of age or temporary or permanent impairment, whether physical, mental, or both. . . .").

[6] *See* VA. CODE ANN. § 64.2-713 (West 2017) (describing trust proceedings under Virginia law).

Defendants filed a Request for Judicial Notice on August 10, 2017. A hearing was held on August 29, 2017. This is the Court's decision on Defendants' Motion to Dismiss.

### *Contentions of the Parties*

6.    Defendants move to dismiss the Complaint under Rule 12(b)(1)-(7). They contend that Plaintiff is estopped from filing the present claim because he has been adjudicated a "person with disability" in Virginia as discussed above. Further, they argue that the Complaint fails to state a claim upon which relief can be granted, even affording Plaintiff deference as a *pro se* litigant. Moreover, they contend that: there is insufficient service of process; the Complaint fails to state claims of fraud and civil conspiracy with particularity; the Complaint fails to plead relevant times and places for the alleged torts; the Complaint seeks injunctive relief outside the subject matter jurisdiction of this Court; the Complaint is time barred; and this Court does not have personal jurisdiction over Defendants. Defendants seek the dismissal of the Complaint with prejudice.

7.    Plaintiff's two-page response to the Motion contends that dismissal is inappropriate "[g]iven the following reason[s] indicated in my complaint." He proceeds to cite extraneous information outside the allegations listed in his

Complaint. Further, he maintains that he has not received any accounting of the trust corpus and the trustee has refused his requests for an accounting of the trust.[7]

### *Standard of Review*

8. On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[8] Even vague allegations are considered well-pleaded if they give the opposing party notice of a claim.[9] The Court must draw all reasonable inferences in favor of the non-moving party;[10] however, it will not "accept conclusory allegations unsupported by specific facts," nor will it "draw unreasonable inferences in favor of the non-moving party."[11] Dismissal of a complaint under Rule 12(b)(6) must be

---

[7] The guardian *ad litem*'s report directly contradicts this contention: "I initially spoke to Mr. Veney by telephone. He raised numerous issues about the management of the trust assets, and about communication between himself and the Trustee. In response to that conversation, I requested and obtained from the Petitioner's attorney additional financial statements including itemized statements of expenditures and tax reporting information for the years 2001 through April 2017. I provided all of these documents to Mr. Veney, together with the documents [regarding the current status of the trust assets, "including a statement of assets on hand, tax information for 2016, and a report of income and expenditures for the past year"]." Request for Judicial Notice at Ex. 2, ¶ 11-12.

[8] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978). *See also* DEL. SUPER. CT. CIV. R. 12(b)(6).

[9] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002)).

[10] *Id.*

[11] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (internal citation omitted).

denied if the non-moving party could recover under "any reasonably conceivable set of circumstances susceptible of proof under the complaint."[12]

## *Discussion*

9. Because of the Complaint's brusqueness, this Court will first address Defendants' Request for Judicial Notice as it supplements the limited factual background available to the Court on Defendants' Motion to Dismiss.

## **Request for Judicial Notice**

10. Where extrinsic evidence is considered on a motion to dismiss, the Court usually converts the motion to a motion for summary judgment.[13] Before the Court converts the motion, however, it must notify the parties and give them a reasonable opportunity to present extrinsic evidence according to Rule 56.[14] But, it does not follow that the "floodgates to discovery" are open simply because an extrinsic document is presented on a motion to dismiss.[15] In addition to two

---

[12] *Spence*, 396 A.2d at 968 (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952)).

[13] *See In re Gen. Motors*, 897 A.2d at 168 (citing *Malpiede v. Townson*, 780 A.2d 1075, 1090 (Del. 2001)).

[14] *See id.* at 168-69 (citations omitted).

[15] *Malpiede*, 780 A.2d at 1091.

recognized exceptions to the general rule,[16] the Court may also take judicial notice of "matters that are not subject to reasonable dispute."[17]

11.     D.R.E. 202 allows a party to request that the Court take judicial notice of court records if the party furnishes the Court with the records and provides sufficient notice to the other party.[18]  To wit, Defendants have produced three court records from the trust litigation in Fairfax County Circuit Court in Virginia: (1) an August 2, 2017 document entitled, "Recommendations of Guardian *ad litem*;" (2) an August 3, 2017 "Report of Guardian *ad litem*;" and (3) an August 3, 2017 "Final Order."[19]  The Court takes judicial notice, under D.R.E. 202(d)(2), of the three documents produced.  As such, they have been incorporated into this Order to supplement the limited factual background provided in the Complaint itself.

---

[16] *Furman v. Del. Dep't of Transp.*, 30 A.3d 771, 774 (Del. 2011) (citing *Vanderbilt Income & Growth Assocs. v. Arvida/JMB Managers*, 691 A.2d 609, 613 (Del. 1996)).  The two exceptions to the general rule, both inapplicable to the present Motion, are: (1) "where an extrinsic document is integral to a plaintiff's claim and is incorporated into the complaint by reference;" and (2) "where the document is not being relied upon to prove the truth of its contents." *Id.*

[17] *In re Gen. Motors*, 897 A.2d at 169 (citing D.R.E. 201(b)).

[18] D.R.E. 202(d)(2) ("Judicial notice shall be taken of each matter specified in this rule if a party requests it, and (A) furnishes the judge sufficient information to enable him properly to comply with the request, and (B) has given each adverse party notice thereof in the pleadings or at least 20 days before the trial.  The judge, however, may permit such notice to be given at any time in the interest of justice.").

[19] *See generally* Request for Judicial Notice.

## Defendants' Motion to Dismiss

12. Defendants move to dismiss the Complaint on numerous grounds. Among the myriad meritorious bases for dismissal, the Court finds that Plaintiff fails to show Defendants are amenable to the personal jurisdiction of this Court in accordance with 10 *Del C.* § 3104 and that Plaintiff has failed to plead any facts and dates to support his vague and conclusory allegations that Defendants breached any legal duty owed to him in accordance with Rules 8 and 9.[20]

13. Even under a less stringent standard afforded to *pro se* litigants, Plaintiff here fails to meet the pleading requirements necessary under Delaware law to place Defendants on notice of the alleged claims. This Court further finds that where even the basics are lacking from this Complaint, so too does Plaintiff fail to state claims for fraud, conspiracy, theft by deception or embezzlement.

---

[20] Plaintiff's guardian *ad litem* explained the forum issues in her report to the Virginia court: "Mr. Veney indicated to me that he was not going to participate in the Virginia proceeding, and had filed a separate action in Delaware which he believed to be the appropriate jurisdiction. I advised him that I believe the Virginia Court has jurisdiction to hear the Trustee's request to resign, although the terms of the trust would need to be interpreted in accordance with Delaware law. The Virginia action would therefore proceed, whether he participated in it or not, and I advised him that it was in his interest to participate." Request for Judicial Notice at Ex. 2, ¶ 17.

## *Conclusion*

For the above stated reasons, Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

Judge Vivian L. Medinilla

oc:    Prothonotary
cc:    All Counsel of Record (via e-filing)